339 So.2d 1117 (1976)
In re Mabel JONES.
No. 48541.
Supreme Court of Florida.
November 24, 1976.
Louis G. Carres and Edward L. Harvey, Asst. Public Defenders, for Mabel Jones, appellant.
Robert L. Shevin, Atty. Gen., and Mary Jo Carpenter, Asst. Atty. Gen., for State of Florida, appellee.
ADKINS, Justice.
This is a direct appeal from the Circuit Court of Leon County which held that Section 394.467, Florida Statutes (1973), was constitutional. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
A petition was filed seeking involuntary hospitalization of appellant and a request was made on behalf of appellant for a jury determination of the factual issues involved in the proceeding. Appellant contends that Section 394.467, Florida Statutes (1975), is unconstitutional because of its failure to provide for a jury determination of the factual criteria involved in such proceedings.
*1118 Testimony was taken before the court and an order of commitment for involuntary hospitalization was entered. An appeal was then taken to this Court.
In Ex parte Scudamore, 55 Fla. 211, 46 So. 279 (1908), it was contended that legislation providing the procedure for involuntary hospitalization was invalid because of its failure to provide a jury trial of the question of the subject's insanity. The Court explained that the provision of our constitution that "the right of trial by jury shall be secured to all" merely secured it in those cases in which it was a matter of right before the adoption of the constitution. The Court said:
"At the time, in 1885, when this provision was reinserted as part of our Constitution, for a period of more than half a century, and long prior to the adoption of our first state Constitution in 1845, containing the same provisions, the law in force here making provision for the ascertainment of the fact of insanity and for commitment of the unfortunate sufferer therefrom, made no provision for a jury trial of such question, and granted no such right to the subject involved in the inquiry. Consequently the questioned legislation, enacted since the adoption of our Constitution, in withholding a trial by jury in such cases, invades no right secured to the subject by such provision of the organic law." 46 So. 279 at 283-84.
The same provision is now included in the Florida Constitution of 1968, Article I, Section 22. We therefore hold that the Florida Constitution does not require a trial by jury in civil commitment proceeding.
In Humphrey v. Cady, 405 U.S. 504, 511, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972), the United States Supreme Court recognized that the right to a jury trial in involuntary hospitalization proceedings had not been passed upon by it. The court in Lynch v. Baxley, 386 F. Supp. 378 (M.D.Ala. 1974), came to the same conclusion. The federal decisions create no impediment to our conclusion that the statute is valid.
Appellant also contends that the failure to provide a trial by jury deprives her of equal protection of the law. Appellant refers to Section 394.467(5), Florida Statutes, which grants a right to trial by jury in proceedings where patients, committed due to a court finding in a criminal case of acquittal by reason of insanity, seek release from the hospital. This statute applies only to persons acquitted of a crime by reason of insanity, in accordance with the provisions of Fla.R.Crim.P. 3.460. The committing court retains jurisdiction and the procedure is part of a criminal proceeding. There is a valid distinction between a regular civil commitment proceeding and a hearing which is held in connection with a criminal case wherein a defendant was acquitted for cause of insanity.
There is no fundamental right to a jury trial in civil commitment proceedings, either under the State or Federal constitution. There is a valid distinction between general civil commitment proceeding and the limited circumstance in a criminal case of involuntary hospitalization of a defendant acquitted for cause of insanity. The failure of the state to grant a right to a jury trial in original civil commitment proceedings does not violate either the Florida or the United States constitution. Section 394.467, Florida Statutes, is constitutional.
The judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C.J., and ROBERTS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice (dissenting).
In my opinion, the Constitutions of the United States and the State of Florida contemplate that persons who are about to be denied their personal freedom by incarceration of any kind should have jury trials when they request them. The fundamental duty of juries is to make determinations of factual questions. Whether a person is mentally ill and the degree of illness are such questions properly to be determined by juries. I have difficulty in understanding *1119 why a person accused of violating the criminal statutes should be entitled to a jury trial when, at the same time, a person who is about to be involuntarily confined in an institution by the State should not be entitled to have factual questions determinative of the issues decided by a jury of his peers. Those whose liberty is restrained by walls, fences and guards have little concern about whether their freedom is restrained because of crime or mental illness.
It is well recognized that unsupported allegations of insanity can have a detrimental effect upon the personal lives and careers of people. It should not be left to the discretion of a single judge to make determinations of such allegations. Whenever insanity is used as a defense for crime, juries evaluate and determine the question and likewise, when requested, they should make determinations in civil commitment proceedings.
Prior to Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), juveniles accused of misconduct were denied many due process rights, often resulting in removal from their families for long periods, on the theory that they were not being punished but were being helped by a benevolent State. On the same theory, persons accused of mental illness are sent away to institutions through the benevolence of the State without what I consider to be constitutional safeguards granted to the most vicious criminals. This is inherently unfair and a denial of Fourteenth Amendment rights to due process of law.
I respectfully dissent.