MILLS, Judge.
Abdullah appeals his involuntary civil commitment under the Baker Act. We affirm.
*1360 Abdullah argues that he did not receive timely hearings. He was confined for examination pursuant to a court order on 2 December 1981. On 7 December, involuntary commitment proceedings were timely begun, Section 394.463(2)(e), Florida Statutes (1981). Formal service of the petition for commitment was accomplished on Ab-dullah on 15 December, and a timely hearing occurred the next day, Section 394.-467(3). There was no error.
Abdullah was capable of providing a reporter but did not and, therefore, waived his arguments on the sufficiency of the evidence. Cf. Shaman v. State, 358 So.2d 1333 (Fla.1978).
Abdullah was not denied due process. His demand for a jury trial was properly denied, In re Jones, 339 So.2d 1117 (Fla.1976).
The appropriate medical findings were made, including a finding that Abdul-lah’s paranoid schizophrenia made him a threat to himself and others.
A well reasoned order was entered and it is AFFIRMED.
JOANOS and THOMPSON, JJ„ concur.